Linda POOLE, Employee–
Claimant/Respondent,

v.

INTERNATIONAL LIGHTING MFG.
CO., Employer/Respondent,

and

American Protection Ins. Co.,
Insurer/Respondent,

and

Treasurer of the State of Missouri, Custodian of the Second Injury Fund, Appellant/Additional Party.

No. ED 85749.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 13, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., Carol L. Barnard, St. Louis, MO, for the Second Injury Fund.

Wagenfeld Levine, Martin Klug, St. Louis, MO, for Respondent.

Before MARY K. HOFF, P.J. and CLIFFORD H. AHRENS, J. and PATRICIA L. COHEN, J.

ORDER

PER CURIAM.

The Treasurer of the State of Missouri as Custodian of the Second Injury Fund (SIF) appeals from the final award of the Labor and Industrial Relations Commission (Commission) affirming the award of the administrative law judge (ALJ), as modified by the Commission, and finding: 1) International Lighting Manufacturing Corporation and American Protection Insurance Company (Employer) liable for Linda Poole's (Claimant) future medical aid and treatment, including home modifications and other assistive devices, necessary to cure and relieve Claimant from the effects of her last injury; and 2) SIF liable for Claimant's permanent total disability benefits for the remainder of Claimant's life, because Claimant's preexisting disabilities combined with her last injury resulted in a condition that caused Claimant to be unemployable.[1] We affirm the award of the Commission.[2]

We have reviewed the briefs of the parties and the record on appeal. The Commission's award is supported by sufficient and competent evidence in the record as a whole. No error of law appears. An ex-

---

1. Employer does not dispute that Claimant suffered a work-related injury and does not appeal the Commission's finding of liability against Employer for Claimant's permanent partial disability benefits and its modification of the ALJ's award to include all present and future medical aid and treatment, including home modifications and other assistive devices, necessary to cure and relieve Claimant of the effects of her last injury.

2. Employer's motion to dismiss itself as a party to this appeal is denied.

tended opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth our reasons for the order affirming the Commission's award pursuant to Rule 84.16(b).